UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                       Case No. 3:19-cr-356

        Plaintiff,

    v.                                                                               MEMORANDUM OPINION
                                                                AND ORDER

Angelina Marie Carter,

        Defendant.

## I. INTRODUCTION AND BACKGROUND

Defendant Angelina Marie Carter, who currently incarcerated at the Secure Female Facility located within the Satellite Camp at Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia, seeks an order granting her compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 89). She also requests the appointment of counsel to assist her with her motion for compassionate release. (Doc. No. 95). The government filed a brief in response to Carter's initial motion. (Doc. No. 93). Carter filed a supplement to her motion, a second motion for compassionate release, and a supplement to her second motion. (Doc. Nos. 94, 98, and 100).

On June 5, 2019, Carter and two co-defendants were indicted for conspiring to defraud and to obtain money and property by false and fraudulent pretenses, as well as mail fraud, wire fraud, and identity theft, among other offenses. (Doc. No. 1). The government subsequently obtained a superseding indictment. (Doc. No. 24). Carter pled guilty to the conspiracy charge, one count of access device fraud, and one count of aggravated identity theft. (Doc. No. 82 at 1). The government agreed to dismiss the remaining charges against Carter. (*Id*.). I subsequently sentenced

Carter to a total of 36 months in custody. (*Id.* at 2). I also imposed a total term of two years of supervised release. (*Id.* at 3). Carter did not appeal.

## II.  ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Carter has complied with the exhaustion requirement, as more than 30 days passed between the date on which she submitted her administrative request and the date on which she filed her motion. (Doc. No. 93-1 at 3-5).

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

2

Carter seeks compassionate release due to her medical conditions as well as her role prior to incarceration as a secondary caregiver for her sister's children during her sister's periodic hospitalizations. (Doc. No. 89-3 at 1-3). The government contends Carter's circumstances do not constitute extraordinary and compelling reasons for her release because she declined to be vaccinated and there are other individuals available to care for her sister's children in the event her sister is temporarily unable to do so. (Doc. No. 93 at 6-7).

The Sixth Circuit Court of Appeals recently weighed in on the impact of vaccine availability on motions for compassionate release under § 3582(c)(1)(A)(i). In *United States v. Lemons*, the Sixth Circuit "agree[d] with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic – when the defendant has access to the COVID-19 vaccine – does not present an 'extraordinary and compelling reason' warranting a sentence reduction." 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). The court went on to explain its understanding of "access." An inmate who is "'unable to receive or benefit from a vaccine' may still be able to show 'extraordinary and compelling reasons' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (quoting *Broadfield*, 5 F.4th at 803). "But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification." *Lemons*, 15 F.4tg at 751 (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) and *Broadfield*, 5 F.4th at 803)).

Carter asserts she declined to be vaccinated "because it is contraindicated with my chronic iron deficiency . . . [and] CDC reports have shown an increase in blood clots in patients taking the Covid 19 vaccine." (Doc. No. 95 at 1). I conclude, however, that neither of these explanations constitute a compelling reason to justify Carter's decision to refuse a Covid-19 vaccine.

3

Carter has not provided any medical documentation to show a doctor informed her she should not receive a Covid-19 vaccine or that her chronic iron deficiency disqualifies her from receiving a Covid-19 vaccine. The CDC has identified only two circumstances as a contraindication to Covid-19 vaccination: a severe allergic reaction after a previous dose, or to a component, of a Covid-19 vaccine or a known diagnosed allergy to a component of a Covid-19 vaccine. *See* https://www.cdc.gov/vaccines/covid-19/clinical-considerations/covid-19-vaccines-us.html#Contraindications (last visited December 1, 2021). Moreover, while recently published research indicates vaccines may be less effective in individuals with iron deficiency, there is no indication that those individuals should forego vaccination. *See* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8384343/ (last accessed December 1, 2021).

Further, Carter also has not demonstrated she faces an increased risk of blood clots if she received a Covid-19 vaccine. The government represents Carter has access to an mRNA vaccine produced by Pfizer. (Doc. No. 93 at 6). Research indicates individuals are nearly ten times more likely to develop a rare blood clotting condition after contracting Covid-19 than they are from receiving an mRNA vaccine. *See* https://www.the-scientist.com/news-opinion/blood-clot-risk-from-covid-19-higher-than-after-vaccines-study-68675 (last accessed December 1, 2021).

While I sympathize with Carter's concerns for her health and for her family, the record conclusively demonstrates she has "access" to a Covid-19 vaccine and, therefore, I am constrained by the Sixth Circuit's holding in *Lemons* to deny her motion for compassionate release.

### III. CONCLUSION

For these reasons, I deny Carter's motions to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A), (Doc. Nos. 89 and 98), as well as her motion for counsel. (Doc. No. 95).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

4